**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TORIAUN D. BRONNER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-6684** |
| | : | |
| **ALLIED UNIVERSAL SECURITY** | : | |
| **SERVICES,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**POZOS, J.** **OCTOBER 30, 2026**

Plaintiff Toriaun D. Bronner initiated this *pro se* employment discrimination action against Allied Universal Security Services ("Allied"), his former employer, after he was allegedly terminated for complaining about race-based harassment and bullying. For the following reasons, the Court will grant Bronner leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice, allowing him the opportunity to file an amended complaint.

## I. FACTUAL ALLEGATIONS[1]

Bronner is African American. (Compl. at 4.) He alleges that Allied "wrongfully terminated" and retaliated against him due to his race and despite his "years of great work and accomplishments." (*Id.*) Before he was hired, Bronner told Allied about a "misdemeanor offense" he committed when he was 19 years old. (*Id.*) Allied also allegedly conducted "background checks" twice a year, so it was presumably aware of Bronner's misdemeanor. (*Id.*) Allied nevertheless hired Bronner and promoted him to "the rank of lieutenant" due to his work ethic and dedication. (*Id.* at 4.) At some unspecified point in 2025, after experiencing "severe

[1] The following allegations are taken from the Complaint (ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

racial harassment and bullying from another lieutenant," Bronner reported the conduct to his then director, Carlos Rodriguez. (*Id.* at 4-5.) In response, Rodriguez—who allegedly had a "personal relationship" with the lieutenant—conducted a background check on Bronner, discovered the prior misdemeanor, and "forwarded it to human resources to have [Bronner] fired to cover for that lieutenant's racism." (*Id.* at 5.) Based on these allegations, Bronner asserts retaliation and hostile work environment claims under Title VII and seeks money damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Bronner leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. Pursuant to § 1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). As Bronner is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Since Bronner is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

Bronner claims that Allied terminated him in retaliation for reporting that he experienced race-based harassment and bullying. Federal law prohibits employment discrimination based on race, among other things. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). To state a plausible employment discrimination claim, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the elements of the causes of action under the relevant statute. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (noting that, although a plaintiff need not establish a prima *facie case* to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" (quotations omitted)). To state a plausible retaliation claim, a plaintiff must allege facts showing: (1) that he engaged in a protected employment activity; (2) that the employer took an adverse employment action against him; and (3) a causal link between the protected activity and the adverse employment action. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Bronner has not alleged sufficient facts to support a retaliatory discharge claim. He alleges that Allied "wrongfully terminated" him after he complained about "severe racial harassment and bullying," but he provides no further factual details about when he was terminated, when he complained of race-based harassment, or the extent of that alleged harassment. Plaintiffs alleging retaliation generally plead causation by alleging facts showing (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism. *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 196 (3d Cir. 2015); *see also Ellingsworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d

546, 557 (E.D. Pa. 2017) ("Where there is no unusually suggestive temporal proximity, courts look to the intervening period for circumstantial evidence that gives rise to an inference of causation when considered as a whole." (citation modified)). Bronner provides no timeframe other than noting that the discriminatory acts occurred in April and May of 2025. He also asserts in mere conclusory terms that he experienced harassment and bullying without providing any facts describing what actually happened to him. Thus, Bronner has failed to plausibly allege a causal link between his termination and his complaints about race-based harassment. *See Morozin v. Phila. Hous. Auth.*, No. 18-2174, 2019 WL 3824228, at *7 (E.D. Pa. Aug. 13, 2019) (dismissing retaliation claims because the complaint did not allege the specific dates of the protected activity and the retaliatory conduct or specify how much time elapsed between the two events).

Moreover, to the extent that Bronner intended to assert a direct discrimination claim—that he was terminated *because* he is African-American—he has similarly failed to state a plausible claim. To state a Title VII claim for discriminatory discharge, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) the employment action suggests an inference of discrimination because of his membership in the protected class, such as might occur when the position is filled by a person not of the protected class. *Reese v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-1382, 2008 WL 5188853, at *2 (D.N.J. Dec. 10, 2008) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n. 5 (3d Cir. 1996); *Theophane v. Homeland Intel., LLC*, No. 25-1258, 2025 WL 887813, at *3 (E.D. Pa. Mar. 21, 2025). Bronner vaguely alleges that he was "fired . . . due to [his] race." (Compl. at 5.) However, Bronner fails to present any factual allegations to support this legal conclusion. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir.

2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."); *Peebles v. Chain IQ Americas Inc.*, No. 25-1419, 2026 WL 281174, at *2 (3d Cir. Feb. 3, 2026) (affirming dismissal of race-based discrimination claim where the plaintiff alleged that she was terminated "after the company changed its position regarding the results of her background check" but "failed to present factual allegations linking [the employer's] termination decision to [her] race"). This is not sufficient to state a plausible discrimination claim. *Iqbal*, 556 U.S. at 678.

The Court also understands Bronner to assert a hostile work environment claim based on allegations that he "endured severe racial harassment and bullying" from another "lieutenant" that worked at Allied. (Compl. at 4.) To state a hostile work environment claim, a plaintiff must plausibly allege that: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). "The Supreme Court has emphasized that 'conduct must be extreme' to satisfy this standard, so 'simple teasing, offhand comments, and isolated incidents (unless extremely serious)' are inadequate." *Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Again, Bronner offers only conclusory statements (i.e., that he endured "severe racial harassment and bulling" by a lieutenant) but provides no facts to support these conclusions; that is, he does not recount what the lieutenant said or did that amounted to "racial harassment or bullying." Bronner's

conclusory allegation is not sufficient to allege a hostile environment claim. *Iqbal*, 556 U.S. at 678; *see also Marquis v. Piedmont Airlines*, No. 26-3972, 2026 WL 2018438, at *2 (E.D. Pa. July 10, 2026) (dismissing hostile environment claim where the plaintiff alleged only that she suffered "persistent harassment by management and male coworkers" but did not provide any facts to support her conclusions).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bronner leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because his allegations, as pled, are not sufficient to support Title VII discrimination, retaliation, or hostile work environment claims. Bronner may file an amended complaint if he can allege additional facts to cure the deficiencies the Court has noted in his claims. An appropriate order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**